## Appeal of CALIFORNIA ASSOCIATED RAISIN CO.     Docket No. 190.

The fact that assessment has been made is not sufficient ground for dismissal regardless of whether abatement claim has been filed.

Submitted December 15, 1924; decided January 13, 1925.

*Andrew T. Smith, Esq.*, and *Virgil Y. Moore, Esq.*, for the taxpayer.

*A. Calder Mackay, Esq.* (Nelson T. Hartson, Solicitor of Internal Revenue) for the Commissioner.

Before JAMES, STERNHAGEN, TRAMMELL, and TRUSSELL.

STERNHAGEN: We are asked to dismiss the petition for want of jurisdiction, because the deficiency has already been assessed and no claim in abatement has been filed or acted upon and no bond filed. It does not appear from the pleadings, but for the purpose of the motion we are advised that assessment of deficiency for 1918 was made in March, 1924, before the appeal was instituted, and that the deficiencies for 1919 and 1920 were assessed either on July 21, 1924, or July 23, 1924. The Commissioner mailed a notice to the taxpayer dated July 21, 1924, about which there is some confusion, but which undeniably stated that the deficiencies for 1919 and 1920 had been assessed. Whether the taxpayer was advised that he might protest within 30 days, or that he should file a claim in abatement and bond is not clear, but for the purpose of the motion the taxpayer's counsel concede the latter.

As to the 1918 tax, since there was apparently no consideration or determination subsequent to the assessment in March, and no appeal was filed within 60 days thereafter, the petition must be dismissed. To that extent the motion is granted.

In respect of the 1919 and 1920 deficiencies covered by the letter of July 21, 1924, the considerations are very different. We held in the *Appeal of Joseph Garneau Company, Inc.*, 1 B. T. A. 75, that the fact that assessment has been made is not alone sufficient to deprive the taxpayer of his right to an appeal to this Board or to establish lack of jurisdiction in the Board to hear and determine

such appeal if taken. In that appeal there was an assessment after January 1, 1924, when Title II of the Revenue Act of 1924 became retrospectively effective, but prior to the passage of the Act of June 2, 1924; thereafter and subsequent to the enactment of the statute the Commissioner made his final determination of a deficiency from which the taxpayer duly appealed. In the present case the determination and assessment were both made at about the same time, after the enactment of the statute, and the taxpayer notified thereof in the same letter.

If this had been a notice of deficiency alone, without advice of the assessment, it could not be disputed that the taxpayer would have a right of appeal. This would be the usual case covered by section 274(a).

SEC. 274. (a) If, in the case of any taxpayer, the Commissioner determines that there is a deficiency in respect of the tax imposed by this title, the taxpayer, except as provided in subdivision (d), shall be notified of such deficiency by registered mail, but such deficiency shall be assessed only as hereinafter provided. Within 60 days after such notice is mailed the taxpayer may file an appeal with the Board of Tax Appeals established by section 900.

There would have been a determination of a deficiency, a notification thereof by registered mail, from which the taxpayer might appeal to this Board. All of these events have occurred in the present case. It is the additional fact of assessment which is urged as affecting the right to appeal and our jurisdiction to hear and determine it.

There is, however, nothing in the statute which supports the contention. It is nowhere expressly stated that if, after the determination by the Commissioner of a deficiency and an appeal by the taxpayer an assessment is made, the right of appeal or the continuance of the appeal or the determination by the Board is lost. Nor are we able to find that this is implied. Section 274(a) unequivocally grants the right of appeal and limits the assessment of the deficiency " as hereinafter provided "; that is, the Commissioner may not as a general thing assess an amount if an appeal is filed or until the time for appeal has expired. He may, however, by section 274(d), assess immediately if he " believes that the assessment or collection of a deficiency will be jeopardized by delay," and this he may do irrespective of the status of the taxpayer's appeal to the Board. But it is not provided that such assessment, whether it be to protect the collection of the revenue, or otherwise, prevents, terminates, or otherwise affects the appeal to the Board. Indeed, the statute appears to contemplate that assessment and claim for abatement may exist contemporaneously with the pendency of the appeal; such assessment may be made before notice of deficiency, before the time for appeal has expired, or before final decision by the Board. In the event of such assessment, the taxpayer may still postpone payment by availing himself of the right to file a claim for abatement of the assessment, as provided in section 279. And in this section, as elsewhere, we find nothing which indicates that under such circumstances the taxpayer must forego the appeal which is provided by section 274(a).

Furthermore there appears to be no reason in the intendment of the statute why the appeal should fall with assessment. The two may consistently exist together—one to assure the taxpayer a judicial determination by the Board and the other to assure the collection

of the revenue in jeopardy cases. Because the Commissioner believes that delay will be perilous is no reason why the merits of the deficiency should not be determined by the Board. The pendency of the appeal before the Board does not mean that assessment may not be made in a jeopardy case, for the statute expressly says it may. Thus the functions of the Board and the Commissioner are both preserved. If, however, by the mere act of assessment, whether for protection or otherwise, the appeal should fall, the Commissioner would have the power in any case to deprive the taxpayer of his appeal to the Board. The belief which we entertain that he would not exercise such power except in a proper case can not affect the decision of the question whether the power exists. Should it exist, we would gladly recognize it. The statute is for us to apply as we understand it, and we accept it as we find it. We can find nothing which indicates the anomalous situation of a tribunal created to determine appeals from the Commissioner's decision, and giving the Commissioner an opportunity to be heard, and then after he becomes a party to the appeal, authorizing him to take a step by which alone the entire proceeding is abrogated. For if he may prevent or nullify the appeal by assessing simultaneously with determination and notice of the deficiency, he may do so at any time thereafter, even after hearing when he can more easily judge the likelihood of success or failure. This is not consistent with the general purpose of Congress to have the Board determine the taxpayer's appeal.

In the present case the only determination of deficiency brought to our attention is that for 1919 and 1920, of which the taxpayer was notified by registered mail on July 21, 1924. From this the taxpayer appealed in due time. This is an appeal to which he is entitled under section 274, and which, by section 900(a), the Board and its divisions shall hear and determine.

The motion is denied. The Commissioner will have twenty days within which to answer to the merits of the petition as to deficiencies for 1919 and 1920.